**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 96-20589**
**Summary Calendar**
_____


**ANDRE J. HOWARD,**

**Plaintiff-Appellant,**


**VERSUS**


**THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER,**

**Defendant-Appellee.**


_____

Appeal from the United States District Court
For the Southern District of Texas
(95-CV-4719)
_____
November 6, 1996


Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Andre J. Howard ("Howard") filed this case pro se on October 4, 1995, in the United States District Court for the Southern District of Texas alleging violations of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq., and Title VII of

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., against his employer, The University of Texas Health Science Center at Houston ("UTHSC"). Howard worked at UTHSC as a hospital aide from February 19, 1990 until May 10, 1992, when he sustained an on-the-job injury. He received workers' compensation benefits for two years thereafter. In July 1994, Howard's physician released him to return to work with restrictions that he sit for at least six hours a day, not do prolonged standing, squatting or kneeling, and not lift more than 20 pounds. Howard's physician also indicated that because of these restrictions he would not be able to perform a number of the major tasks and responsibilities of his former position.

Based on the physician's letter and information, UTHSC made a determination that Howard could not perform the essential functions of his former position as Hospital Aid III. Howard applied to transfer to a computer operator/data entry position but withdrew the application when he learned the position was temporary. Howard later expressed interest in a position as a driver, but could not perform the essential functions of lifting up to 100 pounds and standing for more than six hours a day. Howard also applied for a social worker position, but he lacked the qualifications for the job. In August 1994, Howard telephoned his immediate supervisor and asked to be terminated so that he could apply for unemployment compensation since his workers' compensation benefits had run out. In April 1996, UTHSC filed a motion for summary judgment and in

June 1996 the district court granted the motion.

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself and conclude that the district court correctly granted summary judgment in this case.

**AFFIRMED**.